Eunice W. MOORE, Plaintiff–Appellee,

v.

ALABAMA STATE UNIVERSITY and Dr. Leon Howard, as President and individually, Defendants–Appellants,

Patsy Boyd Parker, et al., Defendants.

No. 87–7714.

United States Court of Appeals, Eleventh Circuit.

Jan. 23, 1989.

Solomon S. Seay, Jr., Montgomery, Ala., for defendants-appellants.

Edmon L. Rinehart, Montgomery, Ala., for plaintiff-appellee.

---

2. Because we remand the cause, defendant's cross-appeal for fees and expenses is not ripe for our determination.

Before RONEY, Chief Judge,
JOHNSON, Circuit Judge, and
TIDWELL,* District Judge.

RONEY, Chief Judge:

In this case, the district court awarded Eunice Moore relief on her Title VII sex discrimination claim challenging her removal from a position at Alabama State University. There is no evidence in the record to support the district court's finding that Moore was removed from this position under circumstances that give rise to an inference of sex discrimination. We reverse.

Plaintiff Eunice Moore is a black, fifty-nine-year-old woman and a tenured faculty member at defendant Alabama State University (ASU), located in Montgomery, Alabama. Defendant Leon Howard is the president of ASU. The other named defendants comprise the ASU Board of Trustees, which governs ASU and appoints and grants tenure to the faculty.

On June 29, 1976, plaintiff was employed by ASU under a two-month contract for July 1—August 31, 1976 and a yearly contract as of September 1976, both as Dean of the College of Sciences and Humanities and as Professor. Plaintiff's contract was renewed for each year thereafter and for the years 1981–1982, 1982–1983 and 1983–1984 as Dean of the College of Arts and Sciences until August 29, 1984, when plaintiff was notified by Howard that she would not be reappointed Dean of the College of Arts and Sciences. Howard then appointed plaintiff Dean of the College of Arts and Sciences for one month, September 1984. On October 4, 1984, Howard notified plaintiff she would not be reappointed Dean, and on October 18, 1984, issued to her a Notice of Continuing Employment as Professor of Speech Communications, Special Assistant to the President for the year October 1, 1984 to September 30, 1985, at an annual salary of $41,870.00. Plaintiff accepted this appointment with appreciation by letter dated October 30, 1984.

On August 16, 1985, plaintiff received a Salary Worksheet from Nathan Moore, Chairman of the English, Speech, Theatre and Foreign Languages Department, indicating her rank and title for the year 1985–86 as Professor of Speech at a salary of $38,930.00 per year, which is less than the $41,870.00 plaintiff received for the year 1984–1985. By letter dated August 27, 1985, Howard notified plaintiff that she would not be retained in the position of Special Assistant to the President. On September 25, 1985, Howard sent plaintiff a Notice of Continuing Employment as Professor of Speech at a salary of $33,400.00 for nine months but prorated her salary for eight months at $29,690.00 through May 31, 1986 to take account of the fact that plaintiff had been paid as Special Assistant to the President through September 30, 1985.

The position of Special Assistant to the President is not shown on any organizational chart of ASU in effect from September 1983 to the present. No record of any personnel action concerning plaintiff is shown in the minutes of any Board meeting from August 11, 1984 through November 6, 1986.

On February 21, 1986, Moore filed a complaint with the district office of the EEOC in Birmingham, Alabama, charging defendants with discrimination against her on the basis of race, sex, and age when they removed her as Dean and as Special Assistant to the President. Such a filing with the EEOC within 180 days after the alleged discriminatory practice occurred is a prerequisite to a Title VII action. 42 U.S.C.A. § 2000e—5(e); *Stafford v. Muscogee Cnty Bd. of Educ.*, 688 F.2d 1383, 1387 (11th Cir.1982). The EEOC issued Moore a Right-to-Sue letter on August 22, 1986. For purposes of this opinion, we assume without deciding that plaintiff's complaint to the EEOC was timely.

She then filed this Title VII action in the district court. At the close of a bench trial, Moore withdrew her claims of race and age discrimination. The district court held that: (1) Moore was not entitled to any relief on her challenge to her removal as

---

* Honorable G. Ernest Tidwell, United States District Judge for the Northern District of Georgia, sitting by designation.

Dean, under either a disparate treatment or disparate impact analysis; (2) Moore was not entitled to any relief on her challenge to her removal as Special Assistant to the President, under a disparate impact analysis. The court held, however, that Moore was entitled to relief on her disparate treatment claim of sex discrimination in her removal from the position of special assistant to the President, because it found that Moore was removed under circumstances which gave rise to an inference of unlawful discrimination. The propriety of this last holding is the only question before this Court.

█ Where, as here, a disparate treatment case is fully tried, a Court should proceed directly to the ultimate question of intentional discrimination. *Carmichael v. Birmingham Saw Works,* 738 F.2d 1126, 1129 (11th Cir.1984). As the supreme court stated:

> Where the defendant has done everything that would be required of him if the plaintiff had properly made out a prima facie case, whether the plaintiff really did so is no longer relevant. The district court has before it all the evidence it needs to decide whether "the defendant intentionally discriminated against the plaintiff."

*United States Postal Service Bd. of Governors v. Aikens,* 460 U.S. 711, 715, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (quoting *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981)). Thus, framing the issue as whether plaintiff has established a *prima facie* case or not unnecessarily evades the ultimate factual question of discrimination *vel non. Id.* at 714–15, 103 S.Ct. at 1481–82.

> The "factual inquiry" in a Title VII case is "[whether] the defendant intentionally discriminated against the plaintiff." In other words, is "the employer ... treating 'some people less favorably than others because of their race, color, religion, sex, or national origin.'"

*Aikens,* 460 U.S. at 715, 103 S.Ct. at 1482 (citations omitted). "Of course, the plaintiff must have an adequate 'opportunity to demonstrate that the proffered reason was not the true reason for the employment decision,' but rather a pretext." *Id.* at 716 n. 5, 103 S.Ct. at 1482 n. 5 (quoting *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981)).

█ The district court found that defendants never declared any reason for removing or refusing to rehire plaintiff. The court concluded that defendants' failure to carry their burden warranted relief for Moore.

There is no support in the record to justify this decision. There has been no showing of sex discrimination against Moore. Moore herself submitted into evidence defendant Howard's uncontradicted deposition, which articulates two reasons for ASU's actions. First, the position of special assistant to the president was not an authorized one. This is because President Howard had no authority on his own to create such a job, much less guarantee anyone a permanent position in that job, since the appointing authority was the Board of Trustees, which acted upon Howard's recommendation only. Second, after a year, Howard found that he did not have any real need for the kinds of tasks he had identified for that position.

This was a fully tried case. There was no direct evidence of discrimination presented. Moore established only that she was a member of a protected class, that she held a position for which she was qualified, and that despite her qualifications, she was discharged. No one disputes these facts. Moore, however, could not show that non-protected class members were treated differently than she was treated. She was the only person ever to have held the position, a fifty-nine-year-old black woman. The district court found that the decision to remove her was facially neutral as to sex. Moore was not replaced by anyone, male or female. There was no finding by the district court that Howard's testimony lacked credibility. It explains the decision without any reference to whether the position had been occupied by a male or a female. No record of any

personnel action concerning Moore is shown in the minutes of any Board meeting from August 11, 1984 through November 6, 1986. There is nothing to show that defendants acted in any way because of plaintiff's sex.

The judgment must be reversed. To hold otherwise would in effect force ASU to create a permanent position it neither needs nor wants.

REVERSED.